HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRANDON LEONARD and ALICIA LEONARD, husband and wife and the marital community comprised thereof,

Plaintiff,

v.

FIRST AMERICAN PROPERTY & CASUALTY INSURANCE COMPANY; CRAWFORD & COMPANY; and TRIER J. JOHNSON,

Defendant.

CASE NO. 3:19-CV-06089-RBL

ORDER ON MOTION TO REMAND

DKT. # 14

THIS MATTER is before the Court on Plaintiffs Brandon and Alicia Leonard's Motion to Remand. Dkt. # 14. This case is an insurance dispute related to coverage for damages to the Leonards' home after a fire broke out. Complaint, Dkt. # 1-1, at 2. The Leonards allege that, after their home caught on fire, Defendant First American Property & Casualty Insurance Company unreasonably denied and delayed coverage of their claim, resulting in repeated robberies of their home. *Id*. at 3-7. In addition to suing First American, the Leonards have also sued First American's claims adjuster, Crawford & Company, and its employee, Trier Johnson. According to the Leonards, Johnson performed a brief inspection of their home and issued a

repair estimate that was inaccurate. *Id*. at 1-1. The Leonards have asserted claims of insurance bad faith, negligent claims handling, negligent misrepresentation, and violation of the Washington Consumer Protection Act against Crawford and Johnson. *Id*. at 9. Insurance Commissioner records indicate that Johnson maintains a business address in Richland, Washington. Motion to Remand, Dkt. # 14, at 4.

First American removed this case to federal court on November 15, 2019. Notice of Removal, Dkt. # 1. In doing so, First American alleged that Defendants Crawford and Johnson were fraudulently joined because the Leonards could not assert claims against First American's insurance adjusters under *Keodalah v. Allstate Ins. Co.*, 194 Wash. 2d 339 (2019). This would mean complete diversity is satisfied and this Court has subject matter jurisdiction over the case. *Id*. at 2, 3-4. The Leonards now move to remand on the theory that *Keodalah* only bars *per se* CPA claims and statutory bad faith claims against insurance adjusters. Dkt. # 14 at 2.

Under the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal subject matter jurisdiction is satisfied if the amount in controversy exceeds $75,000 and all the plaintiffs are completely diverse from all the defendants in terms of state citizenship. 28 U.S.C. § 1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). When analyzing complete diversity, the court may disregard the citizenship of defendants that have been fraudulently joined—i.e., defendants against whom the plaintiff cannot assert a legally-viable claim. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).

On a motion to remand to state court, "[t]he burden of establishing federal jurisdiction is upon the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Conrad Assocs. v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) (quoting *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)). When the removing party alleges that one of the defendants has been fraudulently joined, remand to state court is required as long as there is a "*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants." *Grancare*, 889 F.3d at 549 (*Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)). This is closer to the "wholly insubstantial and frivolous" standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction than the plausibility standard of Rule 12(b)(6). *Id*. (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)).

Here, the question of whether the Leonards have asserted viable claims against Crawford and Johnson turns on *Keodalah v. Allstate Ins. Co.*, 194 Wash. 2d 339 (2019).[1] The trial court in *Keodalah* dismissed the plaintiff's claims of insurance bad faith and *per se* CPA violations against his insurance company's adjuster. *Id*. at 343. However, the court of appeals reversed in part, holding that the duty of good faith imposed by RCW 48.01.030 applies to adjusters and could therefore support the plaintiff's statutory bad faith and *per se* CPA claims. *Id*. at 344. But the Supreme Court of Washington reversed again and concluded that RCW 48.01.030, as well as several Washington regulations, only establish a duty of good faith between an insured and their insurer, not an insured and their insurer's adjuster. *Id*. at 350-352.

---

[1] First American also argues that the Court should exercise its discretion to dismiss Crawford and Johnson as dispensable parties under Rules 19 and 21. Dkt. # 15 at 10. The Court declines to do so.

In reaching its decision, the Court only addressed the statutory duty of good faith and left the plaintiff's common law duty of good faith claim unaddressed. First American suggests that, because the appellate court did not reverse the trial court's dismissal of these claims and the Supreme Court left that ruling untouched, the Court implicitly held that such claims are not viable. Opposition, Dkt. # 15, at 8 (citing *Keodalah v. Allstate Ins. Co.*, 413 P.3d 1059 (Wash. Ct. App. 2018). But Justice Yu's dissent in *Keodalah* determined that the Court wrongly overlooked the plaintiff's common law bad faith claim that the court of appeals never reached. 194 Wash. 2d at 356 (Yu, J., dissenting). According to Justice Yu, Washington's framework for imposing a tort duty supports a common law bad faith cause of action against adjusters. *Id*. at 356-63.

In addition to overlooking common law bad faith, the majority in *Keodalah* also emphasized that the plaintiff only asserted a *per se* CPA violation. *Id*. at 349. This allowed the Court to hold that the CPA claim should be dismissed solely because no statute created a duty of good faith. *Id*. at 352. But *Panag v. Farmers Ins. Co. of Washington* establishes that a plaintiff need not have a contractual or non-adversarial relationship with the defendant to assert a CPA claim. 166 Wash. 2d 27, 41-42 (2009). This would seemingly leave the door open to a traditional CPA claim against an insurance adjuster.

In light of this, the Court cannot say that the Leonards' claims against Crawford and Johnson have no possibility of success. *Keodalah*'s holding did not reach the type of common law bad faith claim asserted by the Leonards. First American argues that Washington has a long history of limiting the duty of good faith to the insurer-insured relationship and excluding third parties, but First America identifies no case specifically addressing the adjuster-insured relationship. *Tank v. State Farm Fire & Casualty Co.*, 105 Wash. 2d 381, 394 (1986) and

*Murray v. Mossman*, 56 Wash. 2d 909, 912 (1960), for example, both address the lack of a duty between an insurer and a third-party claimant.

Even if this were not the case, the Court sees no reason why the Leonards should not be allowed to assert traditional CPA claims against Crawford and Johnson. Such a claim is not premised on the existence of a tort duty and therefore cannot be barred by *Keodalah*. Indeed, this Court granted a motion to remand in a case nearly identical to this one where the plaintiff asserted a CPA claim against an insurance adjuster. *See Zuniga v. Standard Guar. Ins. Co.*, No. C17-5176RBL, 2017 WL 2266243, at *3 (W.D. Wash. May 24, 2017); *see also Merriman v. Am. Guarantee & Liab. Ins. Co.*, 198 Wash. App. 594, 628-29 (2017) (holding that the plaintiff asserted a viable non-*per se* CPA claim against insurance adjuster). Perhaps the Leonards' CPA claim will be dismissed or even found legally deficient altogether, but it is better to leave such novel questions of Washington State law to Washington State courts.

For the above reasons, the Leonards' Motion to Remand is GRANTED. This case is REMANDED to the Pierce County Superior Court.

IT IS SO ORDERED.

Dated this 11th day of February, 2020.

Ronald B. Leighton
United States District Judge